**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neile E. Smith, ) | No. CIV 06-1940-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Alfred T. Goodwin; William A. Fletcher;) | |
| Raymond C. Fisher; and Mary M.) | |
| Schroeder ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is Plaintiff Neale E. Smith's ("Plaintiff") "Motion to Alter/Amend Judgment Per Rule 59(c)" (Dkt.#29) and motion/notice entitled "Judgment was Obtained by Fraud Per Rule 60 F.R.Civ.P." (Dkt.#31). After reviewing the pleadings, the Court enters the following Order.

On July 10, 2007, this Court entered its order dismissing Plaintiff's complaint against Defendants' Mary M. Schroeder, Chief Judge of the Ninth Circuit Court of Appeals; Alfred T. Goodwin; William A. Fletcher; and Raymond C. Fisher, Circuit Judges of the Ninth Circuit Court of Appeals (the "Federal Defendants"). (Dkt.#27). On July 25, 2007, Plaintiff filed his Motion to alter or amend the Court's judgment. After the Federal Defendants' responded opposing any such relief, Plaintiff filed his motion/notice claiming that the Court's judgment was obtained by fraud pursuant to Rule 60 Fed.R.Civ.P. (Dkt.#31). In support of Plaintiff's requested relief under Rule 59, Plaintiff cites conclusory grounds such as: (1)

1 that Federal Judges are not officers of the United States under the Constitution; (2) the
2 President cannot represent Federal Judges; (3) the United States Congress cannot authorize
3 such representation; (4) Federal Judges are not entitled additional compensation for such
4 representation; and (5) that the three judge panel of Goodwin, Fletcher and Fisher which
5 presided over Plaintiff's previous appeal had no existence.  Moreover, in support of
6 Plaintiff's requested Rule 60 relief Plaintiff asserts, in addition to many of the arguments
7 above, conclusory arguments of: (1) the Federal Defendants have improperly avoided income
8 tax; and (2) the doctrine of separation of powers requires "prosecutorial respect for the
9 INDEPENDENCE of federal judges." (Dkt.#31, p.3) (capitalization original).

10 In considering the Plaintiff's arguments for relief from the Court's judgment pursuant
11 to the authority of Rules 59(e) and 60(b) Fed.R.Civ.P., the Court finds that there is no
12 persuasive basis presented.  For instance, a court may grant a Rule 59 motion if the Court:
13 "(1) is presented with newly discovered evidence, (2) committed clear error or the initial
14 decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
15 Sch. Dist. No. 1J Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993),
16 *cert denied*, 512 U.S. 1236 (1994).   In the instant case, Plaintiff presents no argument
17 suggesting that such circumstances exist.  Notably, the Court previously dismissed the
18 Plaintiff's action on grounds of sovereign immunity and judicial immunity.  However,
19 Plaintiff presents no relevant argument challenging such findings in the context of a Rule 59
20 motion.  Further, a court may grant a motion for relief from judgment pursuant to Rule 60(b)
21 only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered
22 evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6)
23 extraordinary circumstances which would justify relief." Id.  Again, Plaintiff presents no
24 argument relevant to such factors in challenging the Court's previous findings upon
25 sovereign immunity and judicial immunity grounds.   Because Plaintiff presents no
26 persuasive argument, the Court will deny the relief requested with respect to the judgment
27 previously imposed.
28 ///

1 **Accordingly,**

2 **IT IS HEREBY ORDERED** denying Plaintiff Motion to alter/amend judgment
3 Pursuant to Rule 59. (Dkt.#29).

4 **IT IS FURTHER ORDERED** denying Plaintiff's Rule 60(b) Motion.  (Dkt.#31)

5 DATED this 10th day of October, 2007.

_____
Mary H. Murguia
United States District Judge